UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| **v.** | CRIMINAL NO  26-CR-3 |
| NICHOLAS MOORE, | |
| **Defendant.** | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. Defendant Nicholas Moore unlawfully accessed three computer systems of the United States government using stolen login credentials and boasted about his access on social media. When confronted by the FBI, however, the Defendant admitted to his conduct, and he has agreed to take responsibility for his actions. For these reasons, Moore should receive a sentence at the low end of the applicable United States Sentencing Guidelines range, which is 0 to 6 months at Offense Level 6 and Criminal History Category I. Specifically, Moore should receive 36 months of probation with conditions tailored to the nature of Moore's offense, in line with the Presentence Investigation Report's recommendation.

## I.   PROCEDURAL BACKGROUND

On January 8, 2026, the Government filed a one-count Information charging the Defendant Nicholas Moore with Computer Fraud in violation of 18 U.S.C. § 1030(a)(2). ECF No. 2. On January 16, 2026, the Defendant entered a plea of guilty to the Information as part of a plea agreement with the United States. ECF No. 7. Sentencing has been set for April 17, 2026.

1

## II.    FACTUAL BACKGROUND

Nicholas Moore is an unemployed 25-year-old from Tennessee who has spent a significant proportion of his time online in recent years, including in online forums and on the "Dark Web." Moore also maintained an Instagram account with the handle "@ihackedthegovernment" where he posted photos of himself and his perceived accomplishments. In pleading guilty, Moore has admitted to accessing three United States government computer systems without authorization using stolen credentials, viewing the personal information of the true owners of those credentials at various points in 2023, and at times sharing the true owners' personal information online.

First, in or around July 2023, Moore accessed the United States Supreme Court's electronic filing ("e-filing") system using the stolen login credentials of an authorized user ("GS"). These credentials allowed the user to file documents and view documents filed with the Supreme Court. Between August 29, 2023 and October 22, 2023, Moore accessed GS's Supreme Court e-filing account on 25 different days and sometimes multiple times in a single day. By accessing GS's account, Moore could view GS's full name, email address, phone number, home address, date of birth, and GS's answers to three security questions.

In addition to accessing the e-filing account, Moore publicly posted screenshots of the account's landing page on his "@ihackedthegovernment" Instagram account multiple times. These screenshots showed GS's homepage as displayed just after logging into the e-filing system, including GS's full name and a list of historical Supreme Court filings.

Second, between August 17, 2023 and October 13, 2023, Moore used stolen credentials of an individual ("SM") to access the online benefits platform of the Corporation for National and Community Service ("AmeriCorps"). Moore accessed the platform seven times and was able

to view SM's personal information including name, date of birth, email address, home address, phone number, citizenship status, veteran status, service history, and the last four digits of his social security number. Moore publicly posted screenshots showing SM's personal information as displayed on the password-protected AmeriCorps platform on the "@ihackedthegovernment" Instagram account.

Finally, Moore accessed the Department of Veterans Affairs' internet-based healthcare management platform ("MyHealtheVet") using the stolen login credentials of a Marine Corps veteran ("HW") on five different days between September 14, 2023 and October 14, 2023. Moore's unauthorized access to the platform allowed him to view HW's medical and personal information, including prescriptions, blood type, email address, physical address, and phone number.

On October 13, 2023, Moore sent a screenshot showing HW's name and prescribed medications to an associate online. On October 15 and 16, 2023, Moore publicly posted screenshots of HW's MyHealtheVet account on the "@ihackedthegovernment" Instagram account, displaying HW's full name, home address, service branch, email address, phone number, and blood type.

### III.     THE APPLICABLE SENTENCING GUIDELINES

To determine an appropriate sentence, the Court must first accurately calculate each Defendant's advisory Sentencing Guidelines Range. *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The Parties agree on the following Guidelines calculation:

| Guideline | Description | Offense Level |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(18) | Convicted under 18 U.S.C. § 1030 with intent to obtain personal information | +2 |
| § 2B1.1(b)(19) | Convicted under 18 U.S.C. § 1030 and involved computer used by government entity in the administration of justice | +2 |
| § 3E1.1(a) | Acceptance of Responsibility | -2 |
| § 4C1.1 | Adjustment for Certain Zero-Point Offenders | -2 |
| **Total** | | **6** |

In accordance with the above, the Defendant's estimated Offense Level will be 6. An Offense Level of 6 and Criminal History Category I corresponds to a Guideline range of 0 to 6 months of incarceration. The estimated Guidelines fine is $1,000 to $9,500. There is no economic loss amount in this case.

IV.    **The Appropriate Sentence Considering the Factors Set Forth in Section 3553(a)**

To determine an appropriate sentence, after the Court accurately calculates each Defendant's advisory Guidelines range, it should consider the various factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50. These factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need for the sentence to promote respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a). The United States submits that considering these factors, a sentence at the low end of the applicable Guidelines range of 0 to 6 months is appropriate and not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

First, the nature and circumstance of the offense support a sentence at the low end of the applicable Sentencing Guidelines. Moore's unauthorized access to and disclosure of personal information stored on United States government systems is serious conduct, and the dissemination of personal and medical information of innocent Americans, including a veteran, harms the

4

affected individuals and the government. However, Moore apparently did not attempt to use the victims' personal information to cause further harm. Moore does not appear to have used the victims' personal information to gain access to other accounts, such as bank accounts, nor did he take action of any kind within the accounts that he accessed. He viewed various pages on the platforms that he accessed, and then boasted about it online. Moore seems to have acted more to show off to online acquaintances than to leverage the accounts he accessed for financial gain. Thus, the nature and circumstances of the offense support a low-end Guidelines sentence.

The second factor that the Court must consider in fashioning an appropriate sentence is the history and characteristics of the Defendant. The portrait set forth in the Presentence Report is not one that excuses his behavior, but Moore is a vulnerable young man with long-term disabilities, limited financial means, and virtually no employment experience or opportunities. Moore does not appear to pose a danger to the community and at 25 years old still has ample time to redirect his interests—including his interest in computers—toward a more productive path. Moore's struggles with his mental health are well-documented and weigh against incarceration when considered along with the severity of Moore's conduct and willingness to take responsibility for his actions.

The Defendant's sentence must also reflect the seriousness of the offense to promote rule of law, to provide just punishment, and to provide adequate deterrence. These factors also support a sentence at the low end of the applicable Sentencing Guidelines range. The Defendant appears unlikely to reoffend. He has taken responsibility for his actions and can use this experience as an opportunity to rededicate himself to his education and family. Just punishment would be best achieved in this case by using probation with special conditions rather than incarceration. These could include conditions mentioned in the Presentence Investigation Report, such as computer and internet monitoring, a prohibition on accessing computer, networks, or online accounts without

authorization, disclosure of all online accounts, and a prohibition on the use of anonymizing software or services designed to conceal online activity.

## V.    FORFEITURE AND RESTITUTION

The Parties agree that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies under 18 U.S.C. § 3663A. The victims did not sustain financial losses in this case.

## VI.    CONCLUSION

Abuse of government computer systems, especially those that contain personally identifying information, threatens the functioning of the government and puts individual Americans at risk. Moore's conduct must not be taken lightly, but his actions stopped short of a level that would justify incarceration for a defendant with Moore's mental health and medical needs. Moore has admitted his wrongdoing and taken responsibility for his actions. The Government asks the Court to impose a sentence at the low end of the applicable Sentencing Guidelines, specifically 36 months of probation with conditions of supervision that will ensure that Moore devotes his time to worthier causes.

<div style="margin-left:40%">

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ *M.E. Bultemeier*
Mary Elizabeth Bultemeier (Bar No. 1724887)
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
Mary.Bultemeier@usdoj.gov
(202) 252-6731

</div>

6

**CERTIFICATE OF SERVICE**

Mary Elizabeth Bultemeier, attorney for the United States, hereby certifies that a true and correct copy of this memorandum has been electronically filed and accordingly served upon attorney for the Defendant.

/s/ M.E. Bultemeier
Mary Elizabeth Bultemeier